The Honorable Tim Emert State Senator, 15th District State Capitol, Room 143-N Topeka, Kansas 66612
Dear Senator Emert:
You request our opinion concerning whether the Kansas tort claims act applies to the Kansas guardianship program, its board of directors and employees.
The tort claims act, K.S.A. 75-610l et seq., generally imposes liability on governmental entities for the negligent or wrongful acts or omissions of employees of those entities when they are acting within the scope of their employment. K.S.A. 1995 Supp. 75-6102 defines the terms "governmental entity" and "employee" as follows:
 "(a) `State' means the state of Kansas and any department or branch of state government, or any agency, authority, institution or other instrumentality thereof.
. . . .
"(c) `Governmental entity' means state or municipality.
 "(d) `Employee' means any officer, employee, or servant or member of a board, commission, committee, division, department, branch or counsel of a governmental entity, including elected or appointed officials and persons acting on behalf of or in service of a governmental entity in any official capacity, whether with or without compensation . . . but does not . . . include any independent contractor under contract with a governmental entity. . . ." (Emphasis added).
The definition of employee in K.S.A. 1995 Supp. 75-6102(d) is broad enough to encompass members of the board of directors of the Kansas guardianship program when acting on its behalf if the program is deemed to be a governmental entity.
The Kansas guardianship program provides volunteers to adults who have been found by courts to need the protection of a guardian or conservator. Prior to the enactment of the 1995 law which creates the Kansas guardianship program, the program was administered by Kansas advocacy and protective services (KAPS), a private nonprofit corporation which provides protection and advocacy services for people with disabilities. While the advocacy and protection programs administered by KAPS are federally funded, the guardianship program receives all of its funding from the department of social and rehabilitation services (SRS). In 1994 federal reviewers of KAPS' protection and advocacy programs found that there was a conflict of interest in KAPS operation of the Kansas guardianship program. In response to this finding, KAPS requested legislation establishing the Kansas guardianship program as a separate legal entity. Minutes, Senate Committee on Ways and Means, March 9 and 23, 1995.
K.S.A. 1995 Supp. 74-9603(a) states, in relevant part, as follows:
 "There is hereby created a body politic and corporate to be known as the Kansas guardianship program, a partnership involving the state of Kansas and its citizen volunteers to assist certain adults legally determined to be unable to manage for themselves. The Kansas guardianship program is hereby constituted a public instrumentality and the exercise of the authority and powers conferred by this act shall be deemed and held to be the performance of an essential governmental function. (Emphasis added).
The above referenced statute creating the Kansas guardianship program is identical to the statutes creating Kansas Inc. [K.S.A. 1995 Supp.74-8001(a)], the Kansas technology enterprise corporation [K.S.A. 1995 Supp. 74-8101(a)], the information network of Kansas [K.S.A. 74-9303(a)] and the corporation for change [K.S.A. 38-1803(a)]. While these entities have the basic characteristics of private corporations, the legislature has determined that in the exercise of their statutory authorities and powers, they are deemed to be performing governmental functions and, therefore, the tort claims act applies. (Attorney General Opinions No. 86-155, 92-104, 93-62).
Based on these past attorney general opinions and the similarities between Kansas technology enterprise corporation, information network of Kansas, corporation for change and the Kansas guardianship program, it is our opinion that the Kansas guardianship program is an instrumentality of the state of Kansas and, therefore, the provisions of the Kansas tort claims act are applicable to the corporation and the members of the board of directors when acting on the corporation's behalf.
However, we believe that the application of the tort claims act to the employees of the Kansas guardianship program (KGP) requires additional analysis. K.S.A. 1995 Supp. 74-9605(b) provides that KGP employees are not considered to be state employees except that the employees may participate in the Kansas public employees retirement system (KPERS). While arguably this language excepts employees of the Kansas guardianship program from tort claims act coverage, we do not believe that was the legislature's intent. If the Kansas guardianship program and the employees of the program while acting within the scope of their employment are deemed to be performing essential governmental functions, they are entitled to protection under the tort claims act. (See Attorney General Opinion No. 93-62 where former Attorney General Robert T. Stephan concluded that employees of the corporation for change are covered by the tort claims act even though they are considered state employees only for limited purposes.)
This conclusion is supported by the case of Bonewell v. City of Derby,236 Kan. 589 (1985) where the Kansas Supreme Court considered the question of whether the Derby Jaycees, who were administering a softball program for the city of Derby, were "employees" as defined in K.S.A.75-6102(d). The court found that the Jaycees organized the use of a baseball field under an arrangement with the city wherein they agreed to manage the men's softball league. In holding that the Jaycees were employees of the city for purposes of the tort claims act, the court stated as follows:
 "The statute now before us 75-6102(d), provides us with a broad definition of `employee.' It includes persons acting on behalf or in the service of a governmental entity in any official capacity, whether with or without compensation. The only exclusion from the definition is that of an independent contractor, and the Jaycees do not fall within that exception." 236 Kan. at 593.
Clearly, Kansas guardianship program employees are "employees" pursuant to K.S.A. 1995 Supp. 75-6102(d) when acting on behalf of the corporation and, therefore, the tort claims act applies.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm